IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| Jacobs Technology, Inc.,<br>*Plaintiff*,<br><br>vs.<br><br>The United States,<br>*Defendant*,<br><br>and<br><br>Booz Allen Hamilton, Inc.,<br>Systems Research & Applications Corp., and<br>Engility Corp.,<br>*Intervenors.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-674C<br><br>Judge Baskir |

**ENGILITY CORPORATION'S MORE DEFINITE STATEMENT IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to the Court's Order dated November 1, 2007, Engility Corporation ("Engility"), a wholly owned subsidiary of L-3 Communications ("L-3"), respectfully submits this More Definite Statement in Support of its October 31, 2007 Unopposed Motion to Intervene in this matter. Like the other Intervenors, Engility is a bidder that submitted a prime contract proposal in response to Solicitation No. FA 8721-06-R-0001 ("Solicitation"), which is the subject of this bid protest matter. Engility was determined to be in the competitive range for award under the Solicitation. Moreover, Engility currently performs significant portions of the contract that preceded the Solicitation as an affiliate of L-3 Communications. Accordingly, Engility has an interest relating to the property or transaction which is the subject of this action and disposition of this action may as a practical matter impair Engility's ability to protect that interest.

Engility is a systems acquisition solutions and services provider that is headquartered in Burlington, Massachusetts. Engility provides the U.S. Air Force with Command, Control, Communications, and Computers, Intelligence, Surveillance, Reconnaissance, and Information

Technology ("IT") acquisition support. Engility's engineering professionals, supporting staff, and management team have more than 25 years experience working with the U.S. Air Force Electronics Systems Center ("ESC").

ESC serves as the Center of Excellence for Command and Control and information technology to support the Air Force in war and peace. Under the Solicitation, the Air Force is acquiring contract services through the ESC Engineering and Technology Acquisition Support Services ("ETASS") Program. Engility bid as a prime contractor on the ETASS program, as did the other Intervenors.

Jacobs Technology, Inc. ("Jacobs") seeks a declaratory judgment that the Air Force properly awarded a contract to it on May 21, 2007 under the Solicitation. Jacobs also seeks a declaration that the September 6, 2007 decision of the U.S. Government Accountability Office ("GAO") sustaining protests against that award and GAO's recommended corrective action lacks a rational basis. GAO recommended that the Air Force perform a new evaluation, re-open discussions if necessary, and make a new source selection decision. Jacobs requests a permanent injunction enjoining the award of a contract to any other party. Compl. ¶ 1.

Like the other Intervenors, Engility is a bidder that submitted a prime contract proposal in response to the Solicitation. Engility was determined to be in the competitive range for award under the Solicitation, and is also eligible for award under the Air Force's new evaluation. Engility has the same interest in the implementation of the Air Force's corrective action and an equal right to consideration for the new award as the other bidders. Like the other Intervenors, Engility is entitled to defend against Jacobs' allegations, which would deprive Engility of the right to receive the new award.

Under the Administrative Disputes Resolution Act of 1996 and the Tucker Act, standing is granted to an "interested party," construed in accordance with the Competition in Contracting Act, which defines "interested party" as "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3551(2)(A); *see Myers Investigative & Sec. Serv., Inc. v. United States*,

275 F.3d 1366, 1370 (Fed. Cir. 2002). Here, award of the contract is at issue equally to all parties. The U.S. Court of Appeals for the Federal Circuit has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (citing *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983)). A party with standing as an "interested party" due to its status as an offeror within the competitive range may intervene as of right under Rule 24(a) of the U.S. Court of Federal Claims. *See, e.g., Information Sciences Corp. v. United States*, 73 Fed. Cl. 70, 94-95 (2006). Other parties will not represent the interests of a rival offeror. *Id.* Likewise, at GAO, an "Intervenor" is defined as "an awardee if the award has been made or, if no award has been made, all bidders or offerors who appear to have a substantial prospect of receiving an award if the protest is denied." 4 C.F.R. § 21.0. Since no award has been made under the Air Force's new evaluation, Engility has the same interest and right to intervene as the other Intervenors. As noted above, all parties to this case have consented to Engility's Motion.

Wherefore, Engility respectfully requests the Court to grant its Unopposed Motion to Intervene.

Dated: November 15, 2007

Respectfully submitted,

By: /s/ David M. Nadler

David M. Nadler, DC Bar No. 402705
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-2200
*Attorney of Record for Engility Corp.*

Joseph R. Berger, DC Bar No. 472840
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-2200