IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JACOBS TECHNOLOGY INC.<br>600 William Northern Blvd.<br>Tullahoma, TN 37388-4729 | ) | |
| v. | ) | |
| THE UNITED STATES | ) | Case No. 07-674C<br>(Judge Baskir) |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO JOINT MOTION TO DISMISS**

Jacobs Technology, Inc. ("Jacobs") files this Opposition to the Joint Motion to Dismiss.

**I. Factual Background.**

The Air Force originally awarded Jacobs the contract at issue. Jacobs maintains that this original award was proper after bid protests were filed at GAO. The protests were upheld based on what Jacobs contends was GAO's erroneous and unsupported conclusion that the Air Force had failed to qualitatively assess and document the merits of the offerors' approaches with respect to two technical factors. GAO recommended that the Air Force perform a new evaluation consistent with GAO's decision. Jacobs filed this action maintaining that the Air Force improperly followed the corrective action recommended by GAO, and that the original award decision was proper. This case was stayed pending reevaluation by the Air Force. The Air Force did not reopen discussions. No new proposal information was provided by offerors. The Air Force re-evaluated proposals without further discussions and, again, determined the awardee to be Jacobs.

## II. Summary Of Argument.

Jacobs is still an interested party. Jacobs objects to the Air Force following GAO's recommendation to re-evaluate proposals. Jacobs contends that the Air Force's action violates the FAR. Thus, Jacobs is an interested party under 28 U.S.C. § 1491(b)(1) and has the rights under 28 U.S.C. § 1491(b)(2) to seek a declaratory judgment that the Air Force's original award decision is correct and issue a permanent injunction against the award to any other party. Intervenors have no greater right than Plaintiff to choose a forum to protect their economic interests. The Intervenors have an adequate remedy in this Court if they choose to protest any of the Air Force's actions involving this procurement. Jacobs will have no remedy to challenge the Air Force's corrective action decision if this action is dismissed.

## III. Jacobs Is An Interested Party Having Standing To File This Suit Because It Is An Awardee Challenging Corrective Action.

The Tucker Act provides, in relevant part:

> **(b)(1)** Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1).

The term "interested party" under 28 U.S.C. § 1491(b)(1) has the same meaning as that term is used in defining GAO's bid protest jurisdiction under CICA at 31 U.S.C. § 3551(2)(A). *American Federation of Government Employees, AFL-CIO v. United States*, 258 F.3rd 1294, 1302 (Fed. Cir. 2001) ("AFGE"). The plain language of the CICA statute does not define an interested party as a "disappointed bidder." It defines an interested party as "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3551(2). The *AFGE* decision used

the term "disappointed bidder" as a shorthand reference to the statutory definition of "interested party" being an "actual or prospective bidder or offer" or to distinguish actual offerors from government employees and their unions from challenging a federal agency's decision to contract out privately the operation of depots rather than use agency in-house personnel. The key *AFGE* reasoning is based upon the CICA definition of interested party:

> We therefore construe the term "interested party" in § 1491(b)(1) in accordance with the CICA, and hold that standing under § 1491(b)(1) is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract. This construction is consistent with the legislative history of § 1491(b)(1), which, as discussed above, indicates that Congress intended to extend the jurisdiction of the Court of Federal Claims to include post-award protest cases brought under the APA by disappointed bidders, such as the plaintiff in *Scanwell*. Because Appellants here are not actual or prospective bidders or offerors, they do not have standing to challenge the DLA's costs comparison analysis or its decision to award the depot services contract to EG&G.

*Id.* at 1302.

Thus, nothing in the CICA definition precludes a successful awardee from invoking this Court's jurisdiction to challenge corrective action which could lead to the failure of an agency to maintain its original award decision.

Several cases find that a successful awardee may challenge corrective action in this Court. In *Delaney Construction Corp. v. United States*, 56 Fed.Cl. 470, 474 (2003) the Court ruled:

> Standing is a threshold jurisdictional issue. *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003). Accordingly plaintiff's standing to initiate this protest action after obtaining the contract award was resolved after briefing, by the unpublished order, filed February 20, 2003, which will not be repeated here. In essence, plaintiff is not asserting a contract claim addressed to the termination of the Fort Drum road contract. *See Davis/HRGM Joint Venture v. United States*, 50 Fed.Cl. 539, 545 (2001); *Griffy's Landscape Maint. LLC. v. United States*, 51 Fed.Cl. 667, 673 (2001). The corrective action proposed by the Corps of Engineers involves returning the status of

> this procurement to its pre-award stage with the result that the subject matter of the protest concerns the offerors' objections to submitting new price proposals to obtain the road contract. As such the February 20, 2003 Order concludes that plaintiff is an "interested party" pursuant to *American Fed'n of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1299 (Fed.Cir.2001), *cert. denied*, 534 U.S. 1113, 122 S.Ct. 920, 151 L.Ed.2d 885 (2002). With respect to the proposed corrective action, plaintiff is a prospective offeror whose direct economic interest would be affected by the new award of the contract which would occur on the basis of the corrective action at issue. *See IMS Servs. v. United States*, 32 Fed.Cl. 388 (1994). Plaintiff is not attempting to protest solely as a contract awardee. *See ABF Freight Sytsem, Inc. v. United States*, 55 Fed.Cl. 392 (2003).

Similarly in this case, the original evaluation and award decision to Jacobs will be a nullity if a protest on the re-evaluation is sustained. The first evaluation is of no consequence given the second evaluation.

Notably, *Delaney* distinguishes the *ABF* decision relied upon in the Motion to Dismiss. The only case that the Motion to Dismiss cites is *ABF Freight System, Inc. v. United States*, 55 Fed.CL.392 (2003) and is clearly not on point. It involves a post-award bid protest challenging the terms of the solicitation upon which the award was made. The Court found that to be a DCA claim -- not a bid protest. That decision is not close to the facts involved in this case.

In *The Centech Group, Inc. v. United States*, 78 Fed. Cl. 496 (Fed. Cl. 2007)[1], this Court held that a contract awardee had standing to maintain a bid protest under the Tucker Act. The awardee in *Centech* filed a bid protest challenging the Air Force's decision to reopen discussions and solicit revised proposals which were done as "corrective actions" recommended by the GAO. 78 Fed. Cl. at 498-502. The government argued that because the party bringing the protest continued to be the awardee, it was not an "interested party" and did not have standing to

[1] A copy is attached as Exhibit A. All cases cited in this Memorandum are attached for the Court's convenience.

bring the action for purposes of the Tucker Act. This Court rejected defendants' argument stating:

> Defendant argues that because Plaintiff continues to be the awardee it lacks standing. This characterization ignores the reality of what transpired here. . . . .Because Centech was stripped of its status as the successful awardee <u>de facto</u> and relegated to competing anew, it does not remain the successful awardee. As such, Centech clearly meets the CICA criteria for standing: it was an actual offeror and has a direct economic interest affected by the Air Force's recission of its award and revamped solicitation effort. Although Centech may have an opportunity to receive a different award . . . **this does not deprive it of standing to challenge the earlier procurement action.**

78 Fed. Cl. at 504 (emphasis in bold added).

Footnote 14 in *Centech* states:

> Rather, the corrective action which would render *this* protest moot would be the Air Force's nullification of Amendment 3 and reinstatement of Centech's award.

*Id.* at 505.

This footnote necessarily assumes that there would be no further protests challenging the award to Centech. It does not apply to Jacobs in this case because the Intervenors are poised to file new protests at GAO based upon the re-evaluation. This Court does not even know if they intend to protest based upon the debriefings. If Intevenors agree, after their debriefings, that they do no intend to protest, then this case does become moot. Until that happens, however, this case is not moot.

The selection of Jacobs for award following the re-evaluation, neither resolves the issue of the proprietary of the Air Force's taking the corrective action, nor conclusively vests award in Jacobs until after any new protests may be filed. Should the Air Force have committed errors in the re-evaluation, Jacobs' current awardee status is subject to challenge.

In *Griffy's Landscape Maintenance, LLC v. United States*, 51 Fed. Cl. 667, 672 (2001), the government again argued that an awardee cannot be an interested party under the Tucker Act "because it was awarded the contract" and, therefore, cannot be said to be a "disappointed bidder." This Court, refusing to give such a strict interpretation to the term "interested party" stated:

> The government reads 28 U.S.C. § 1491 (b)(1) more absolutely than we would. There may be circumstances where a *successful* bidder would have a direct economic interest that is affected by the award of the contract.

*Id.* at 672.

Thus, an awardee challenging corrective action followed by an agency has standing to bring suit in this Court to challenge the basis for the corrective action.

**IV. Jacobs Must Maintain This Action So It Does Not Waive Its Right to Challenge The Corrective Action.**

Jacobs must maintain this action or else it waives its right to challenge the corrective action taken by the Air Force. *Textron, Inc. v. United States*, 74 Fed.Cl. 277, 295 (Fed.Cl.2006).

**V. There is No Prejudice or Injustice to the Intervenor.**

Intervenors claim prejudice because they will lose their protests rights before GAO if this case is not dismissed. Jacobs, however, will lose any right it has to challenge the Air Force re-evaluating proposals if this case is dismissed. It will have <u>no</u> forum to assert that challenge.

If this case continues in this Court, Intervenors will have the right to raise any challenges to the re-evaluation decision. They will not be without a forum.

As far as choosing a forum, Intervenors have no greater right to choose GAO, than Jacobs has the right to choose this Court as a forum, to protect its economic interests. Neither CICA, nor ADRA gives any interested party a greater right to choose a forum than any other interested party. In fact, if this case is dismissed and one of the Intervenors files a protest at

GAO, nothing prevents another Intervenor from filing in this Court challenging the re-evaluation, thereby divesting GAO of jurisdiction. While the procedural complexity is challenging and unique, Intervenors have cited no precedent giving their choice of forum greater weight than Jacobs' choice.

December 14, 2007

Respectfully submitted,

/s/ Robert J. Symon
ROBERT J. SYMON
Bradley, Arant, Rose & White
1133 Connecticut Avenue, NW
12th Floor
Washington, DC 20036
(202) 393-7150
(202) 347-1684

Counsel of Record for Plaintiff
JACOBS TECHNOLOGY INC.

OF COUNSEL:

Douglas L. Patin, Esq.
Jeremy Becker-Welts, Esq.

**CERTIFICATE OF SERVICE**

I hereby declare that on this 14th day of December 2007, a copy of Plaintiffs' Opposition to Joint Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Robert J. Symon
Robert J. Symon