**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | | |
|---|---|---|
| JACOBS TECHNOLOGY, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | ) | **No. 1:07-cv-00674** **Judge Lawrence M. Baskir** |

# REPLY BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS

This Reply Brief supplies further support for the Joint Motion to Dismiss filed by the United States and the Intervenors on December 12, 2007, in response to Plaintiff's Opposition to Joint Motion to Dismiss filed on December 14, 2007. Intervenor Booz Allen Hamilton, Inc. ("BAH") respectfully contends that Jacobs Technology, Inc. ("Jacobs") is not an "interested party" to challenge corrective action that resulted in the Air Force's reaffirmation of its initial contract award to Jacobs.

## I. Jacobs Is No Longer An Interested Party In This Action Because It Cannot Presently Show Prejudice or Injury As A Result Of Agency Action

The Court of Federal Claims has jurisdiction to review post-award bid protests pursuant to the Tucker Act ("the Act"). 28 U.S.C. § 1491(b).

Under the Act, this Court only has jurisdiction over actions brought by an *interested party*:

> [The Court of Federal Claims] shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

Id. at § 1491(b)(1). "Interested party" is not defined in the statute. The Federal Circuit has held, however, that in bid protests brought under the Tucker Act, the term "interested party" in § 1491(b)(1) is to be construed in accordance with the Competition in Contracting Act ("CICA"), 31 U.S.C. §§ 3551-56. See Am. Fed'n of Gov't Employees, AFL-CIO v. United States, 258 F.3d 1294, 1302 (Fed. Cir. 2001) ("AFGE"). Thus, consistent with the standing requirements of CICA, the Court of Federal Claims will hear bid protests brought by only "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or a failure to award the contract." Id.

Consistent with this principle, the Federal Circuit has further instructed that a party cannot be an "interested party" under the Tucker Act unless it can demonstrate that it has been prejudiced or suffered an injury as a result of agency action. See Myers Investigative & Security Servs.,

Inc. v. United States, 275 F.3d 1366, 1371 (Fed. Cir. 2002) (affirming judgment on the administrative record against securities firm protesting GSA's award of two sole source contracts because the firm failed to demonstrate it was eligible for an award and thus "ha[d] not shown that it was prejudiced"); ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392, 396-97 (2003) (stating that "'prejudice (or injury) is a necessary element of standing'" and dismissing contract awardees' post-award bid protest challenging terms of the solicitation because they were not "disappointed bidders") (quoting Myers, 275 F.3d at 1369).

In this case, Jacobs cannot presently demonstrate prejudice or injury suffered as a result of an action by the Department of the Air Force ("Air Force"). Following the September 6, 2007 decision by the Government Accountability Office ("GAO") in B-299818, et al., sustaining the protests of BAH and Systems Research and Applications Corporation ("SRA"), the Air Force proposed to take corrective action by terminating the award to Jacobs and reevaluating offerors' proposals based on the recommendations of GAO. At that point, when Jacobs initially filed this action, Jacobs was an "interested party" under the Tucker Act because an agency action was being taken that threatened Jacobs' award. On December 6, 2007, however, the Air Force reaffirmed the original award of

the contract to Jacobs. Jacobs is thus now again the contract awardee and is no longer suffering any prejudice or injury as a result of agency action. As a result, Jacobs cannot be an "interested party" under the Tucker Act. See Myers, 275 F.3d at 1372. There currently is no agency action for Jacobs to challenge.

## II. A Successful Awardee May Not Invoke This Court's Jurisdiction to Challenge Corrective Action After The Agency Reaffirms The Original Award

Notwithstanding language to the contrary in at least two of this Court's prior decisions, this Court's jurisdiction under the Tucker Act is not limited to bid protests brought by "disappointed bidders." See AFGE, 258 F.3d at 1301; ABF Freight System, Inc., 55 Fed. Cl. at 397. Rather, as this Court correctly noted in Griffy's Landscape Maintenance LLC v. United States, 51 Fed. Cl. 667 (2001), "[t]here may be circumstances where a *successful* bidder would have a direct economic interest that is affected by the award of the contract." Id. at 672 (emphasis in the original). Those circumstances, however, are limited to cases in which the successful offeror **can** demonstrate that it is presently suffering prejudice or injury as a result of agency action.

This principle is demonstrated by the two cases chiefly relied upon by Jacobs, Centech Group, Inc. v. United States, 78 Fed. Cl. 496 (2007) and

Delaney Constr. Corp. v. United States, 56 Fed. Cl. 470 (2003). Both cases involved, as here, a successful contract awardee's challenge to an agency's decision to take corrective action. This Court determined in both cases that the plaintiff had standing to maintain the protest, notwithstanding its status as the contract awardee. See Centech, 78 Fed. Cl. at 504; Delaney, 56 Fed. Cl. at 474. Notably, however, neither the Air Force in Centech, nor the Army in Delaney, had yet gone through with its proposed corrective action. Id. This point is critical because it means that at the time this Court decided Delaney and Centech, the successful awardees were still presently suffering prejudice as a result of the agency's decision to take corrective action and terminate or suspend their award.

These cases stand in sharp contrast to the one at hand. As a result of the Air Force's December 6, 2007 award, Jacobs is again entrenched as the contract awardee. The Air Force has proposed no further action threatening Jacobs' award. As such, Jacobs is no longer suffering prejudice or injury as a result of any action by the Air Force. Any dispute Jacobs previously had with the Air Force's decision to take corrective action is now rendered moot by the reinstatement of Jacob's award. See Centech, 78 Fed. Cl. at 504 at n.14 ("Rather, the corrective action which

would render *this* protest moot would be the Air Force's . . . reinstatement of Centech's award.") (emphasis in the original).

Thus, while a successful awardee may invoke this Court's jurisdiction to protest an agency's proposed corrective action affecting the status of its award, it cannot properly do so once the agency has reinstated its award because it is no longer suffering any prejudice or injury as a result of agency action.

## III. Jacobs May Not Maintain This Action Solely To Provide A Backstop Against Any Potential Future Protests Of The Reinstated Award

As Jacobs freely admits in its Brief, its insistence on trying to maintain this action is for the sole purpose of guarding against the hypothetical possibility that a potential future protest of the new award would be sustained and the Air Force would once again take corrective action:

> The selection of Jacobs for award following the re-evaluation, neither resolves the issue of the proprietary of the Air Force's taking the corrective action, nor conclusively vests award in Jacobs until after any new protests may be filed. Should the Air Force have committed errors in the re-evaluation, Jacobs' current awardee status is subject to challenge.
>
> …
>
> Jacobs must maintain this action or else it waives its right to challenge the corrective action taken by the Air Force.

Plaintiff's Opposition to Joint Motion to Dismiss at 5, 6. What Jacobs fails to recognize, however, is that it does not have a *right* to maintain an action at this Court for which there is no jurisdiction.

Any claim premised upon the occurrence of a future event that is uncertain at this time (e.g., a successful protest and subsequent award to another offeror) is premature and cannot form the proper basis for jurisdiction at this time. See Bannum, Inc. v. United States, 56 Fed. Cl. 453, 462 (2003). As a result, this action must be dismissed.

/s/ Paul F. Khoury
Paul F. Khoury
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7346 (O)
(202) 719-7049 (F)

*Counsel of Record for Intervenor,*
*Booz Allen Hamilton, Inc.*

Of Counsel:

William J. Grimaldi
John R. Prairie
WILEY REIN LLP

Dated: December 17, 2007