# In The United States Court of Federal Claims

No. 07-674C

(Filed: December 17, 2007)

---

JACOBS TECHNOLOGY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

BOOZ ALLEN HAMILTON, INC.,
SYSTEMS RESEARCH & APPLICATIONS CORPORATION, and
ENGILITY CORPORATION,

Defendant-Intervenors.

---

**ORDER**

---

**ALLEGRA, JUDGE**:

On August 29, 2006, the Department of the Air Force issued Request for Proposal No. FA 8721-06-R-0001, for the procurement of Engineering and Technology Acquisition Support Services. On May 21, 2007, the plaintiff, Jacobs Technology, Inc. (Jacobs), was awarded the contract over several other offerors. Subsequently, one of those offerors, Systems Research and Applications Corporation (SRAC) filed a bid protest with the Government Accountability Office (GAO). SRAC challenged the Air Force's award on multiple grounds, including the assertion that the Air Force had failed to adequately document its evaluation of certain aspects of the various proposals. Shortly thereafter, on June 4, 2007, a second disappointed bidder, Booz Allen Hamilton, Inc., filed a similar protest with the GAO. The GAO consolidated the protests and both the Air Force and Jacobs, which intervened in the matter, defended the agency's award decision.

On September 6, 2007, the GAO reached a decision, denying the majority of the protest grounds but sustaining the protestors' challenge respecting inadequate documentation. It recommended that the Air Force perform a new evaluation consistent with its decision. On September 14, 2007, Jacobs was informed that the Air Force intended to follow the recommendation of the GAO and reevaluate the proposals without conducting further discussions.

On September 18, 2007, Jacobs filed this bid protest action, requesting a declaratory judgment and permanent injunction. The complaint requested that the court: (i) declare that the Air Force's original award to Jacobs was proper under the Solicitation and federal procurement law; (ii) declare that the September 6, 2007, recommendation of GAO violates federal procurement law and lacks a rational basis; (iii) permanently enjoin the Air Force from proceeding with any action that could lead to an award under the Solicitation to any party other than the plaintiff; and (iv) grant such other relief deemed proper, including the award of attorneys fees, and proposal preparation costs. Subsequently, the court allowed the defendant-intervenors listed above to intervene in this action.

The court held an initial status conference on September 21, 2007. At the conference, the plaintiff confirmed that it did not wish to seek a temporary restraining order at that time. At the same conference, defendant's counsel proposed staying the matter because the Air Force had already begun to reevaluate the proposals. Two days later, Jacobs agreed to stay the case pending the outcome of the Air Force's corrective action. The court issued the requested stay and ordered the parties to file a joint status report by December 4, 2007, or within two weeks of the date the agency's corrective action had been completed, whichever occurred earlier. That deadline subsequently was extended to December 14, 2007.

On December 12, 2007, the defendant and the three intervenors in this case moved to dismiss the complaint. They asserted that the Air Force had completed the GAO's recommended reevaluation and had again awarded the contract to Jacobs. In light of this development, the movants contended that Jacobs is no longer an interested party. On December 14, 2007, plaintiff filed an opposition to the motion. Further briefing on this issue has been filed. By order this date, this case was transferred to the undersigned judge.

Under 28 U.S.C. § 1491(a)(3), only an "interested party" may pursue a bid protest action in this court. Construing the quoted phrase, the Federal Circuit has held that standing under section 1491(a)(3) is "limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *Am. Fed. of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001); *see also Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1352 (Fed. Cir. 2004). Apart from the particular requirements of this statute, the Federal Circuit has repeatedly held that this court may resolve only "cases or controversies." *See Anderson v. United States*, 344 F.3d 1343, 1349-50 (Fed. Cir. 2003); *Glass v. United States*, 258 F.3d 1349, 1355-56 (Fed. Cir. 2001); *see also Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (2004). To meet this requirement, a dispute must be "definite and concrete, touching the legal relations of parties having adverse

legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); *see also MedImmune, Inc. v. Genentech, Inc.,* 127 S.Ct. 764, 771 (2007). Stated alternatively, the existence of a case or controversy requires: "'(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.'" *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003) (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987) (quoting *Dow Chem. Co. v. United States Envtl. Prot. Agency*, 605 F.2d 673, 678 (3d Cir.1979))); *see Sony Electronics, Inc. v. Guardian Media Techs., Ltd.,* 497 F.3d 1271, 1283 (Fed. Cir. 2007). Moreover, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Grain Processing Corp. v. American Maize-Prods. Co.*, 840 F.2d 902, 905-06 (Fed. Cir. 1988).

In the court's view, it is arguable that, as an awardee, which is not currently contesting the award, plaintiff is not an "interested party" within the meaning of section 1491(a)(3). Indeed, plaintiff cannot allege, let alone demonstrate, any current prejudice (at least as that term is understood in the context of protests) – that being a requirement for receiving any relief in this action. *See Alfa Laval Separation, Inc. v. United States*, 175 F.3d 1365, 1367 (Fed. Cir. 1999); *Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1562 (Fed. Cir. 1996). That said, in the court's view, it is not only arguable, but clearly the case that there is no case or controversy here.

At the moment, plaintiff is the unbridled beneficiary of an unsuspended award and cannot meet the case or controversy requirement based upon contingencies that have not yet occurred. *See, e.g.*, *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000-01 (Fed. Cir. 1988) (no case or controversy based upon "hypothetical" circumstances); *see also Aetna Life*, 300 U.S. at 241 (court may not render "opinion advising what the law would be upon a hypothetical state of facts"); *cf. The Centech Group, Inc. v. United States*, 78 Fed. Cl. 496, 504 (2007) (contract awardee had standing to maintain protest after agency suspended its award). While it would have this court essentially declare that award legally unblemished, such a ruling, given the current context of the case, would be advisory in nature and would require the court to conduct a free-standing analysis of the propriety of the entire procurement without any concrete debate about specific errors. If such relief is appropriate here (and plaintiff, of course, blithely assumes that the result of this plenary review would be to uphold the award), then seemingly such a protest is advisable in every instance in which an awardee seeks prophylactically to preclude subsequent challenges to its award. A whole new cottage industry would be born.

Plaintiff acknowledges that it seeks to perpetuate this action so as to preclude the other offerors from pursuing an administrative protest at the GAO – actions that apparently need to be perfected within the next week or so, at least to invoke the stay authorized by the Competition in Contracting Act (31 U.S.C. § 3553). Certainly, that objective, in and of itself, is not an appropriate basis for this court to continue to exercise jurisdiction. Nor may plaintiff pursue this action simply to challenge the GAO's review of the agency's award decision, rather than the decision itself. *See Advance Const. Servs., Inc. v. United States*, 51 Fed. Cl. 362, 366 (2002) (awardee of contract had no standing to challenge alleged violations of statutes and regulations

by the GAO); *see also Centech Group*, 78 Fed. Cl. at 507 ("Section 1491(b) gives this Court jurisdiction to review an agency procurement decision, not the GAO's review of that agency procurement decision.").

Plaintiff, however, asserts that if this court dismisses the action, it will be precluded from challenging the prior corrective action taken by the Air Force at the GAO recommendation, asseverating that its claims in this regard will be waived in any future protest actions. While this argument has some threshold appeal, the fact of the matter is that dismissal of the current action will in no way impact whether those claims are waived. In the case *sub judice*, plaintiff could have pursued a temporary restraining order or preliminary injunction preventing the Air Force from completing the reevaluation of the proposals. But, for reasons that the court can only imagine, it did not do so. Instead, it agreed to stay this action pending the completion of the corrective action, seemingly willing to take the risk that a new award decision based upon that corrective action would prime any arguments based upon the corrective action itself. It is possible that, in allowing the Air Force to proceed with the corrective action and issue a new award, plaintiff waived any objections it had to the corrective action and its impact on the prior award – and, if that is so, then that waiver is still effective whether this case proceeds (or not). On the other hand, if the Air Force's completion of the corrective action did not preclude a future challenge to that action as part of later protest, seemingly nothing about dismissing this case would cause such a waiver to arise. Accordingly, whether plaintiff's waiver concerns are *bona fide* or not, they provide no basis for this court to retain jurisdiction over an action in which there is no pending challenge to the agency's award decision.

Accordingly, plaintiff has not convinced the court that there remains any sort of a live controversy here – certainly, not a definite and concrete one that could lead to the issuance of relief. Based on that conclusion, the court hereby **GRANTS** the joint motion to dismiss this case. The Clerk is hereby ordered to **DISMISS** the complaint, **WITHOUT PREJUDICE**, and to do so, **FORTHWITH**.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge